MARTIN E. SNODGRASS
SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT WA 98201
Tel: (425) 454-4122
Fax: (425) 454-5248

THE HON. SAMUEL J. STEINER
JANUARY 31, 2002
9:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

In re: ) No. 01-16399
) Chapter 7
DEBORAH HELEN BIRRANE, )
) ADV. PROC. A01-01413
)
        Debtor. )
)
DEBORAH HELEN BIRRANE, )
) TRIAL BRIEF
        Plaintiff, )
vs. )
)
MELON FINANCIAL CORPORATION, )
PENNSYLVANIA HIGHER EDUCATION )
ASSISTANCE AGENCY AND STUDENT )
LOAN SERVICING CENTER, a )
Division of P.H.E.A.A., )
)
        Defendants. )

COMES NOW THE Debtor and submits the following Memorandum for Trial.

## 1. FACTS

This is a student loan case. The Debtor is a 36 year old single woman. She is a choreographer and children's dance teacher.

The Debtor graduated from Pennsylvania State University in December of 1989 with a Bachelor's degree in social work and a minor in dance. She obtained her Masters degree in dance from the

TRIAL BRIEF - 1 - ORIGINAL

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

University of Arizona in 1995.

She lived in Philadelphia for several years and supported herself as a pre-school teacher while trying to further her dance and teaching career. She moved to Seattle in 1998 and started a dance company, Deborah Birrane with Unexpected Company. The dance company is a non-profit organization. The company specializes in modern dance presentations.

To support herself, the Debtor teaches dance to children at Pacific Northwest Ballet and the Creative Dance Center. She also holds several other part time instructional positions.

To finance her education, the Debtor obtained several student loans which were consolidated as a Federal Family Education Loan Program loan. The present balance of the loan is approximately $50,000.00.

Over the years, the Debtor has attempted, as best she could, to make payments on her student loans. She has made approximately 27 payments on the loans.

In 1999 the Debtor earned approximately $14,000.00. She also got about $3,800.00 in unemployment.

In 2000, her adjusted gross income was approximately $17,000.00. In 2001, her income will be approximately $22,000.00. The Debtor will testify that there is no particular reason to believe that her income will increase significantly in the future.

The Debtor lives modestly. Her meager earnings are consumed with the bare necessities of life. Because of the nature of her

TRIAL BRIEF   - 2 -

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

profession, and her inability to obtain medical insurance, her medical expenses are relatively high. She will testify that in the past she was only able to maintain a modest standard of living as a result of the use of credit cards and subsidies from her family.

In order to repay the student loans under a Stafford/Ford consolidation loan, the Debtor would have to pay $613.00 per month for the next ten years or $395.00 per month for the next twenty five years.

If the Debtor were able to obtain an income contingent loan, her initial payments would be approximately $140.00 per month until she is sixty years old. Under the income contingent program all of her payments would go to interest. None will be applied to principal.

## 2. LEGAL AUTHORITIES

As the Court is well aware, the law in this area is decidedly murky.

11 U.S.C. § 528(a)(8)(B) states that student loans are discharged if "excepting such debts from discharge... will impose an undue hardship on the Debtor and the Debtor's dependents."

Different tests are established in determining whether a Debtor is entitled to a hardship discharge of student loans. The Ninth Circuit has adopted the test found in Brunner v. New York State Higher Education Services Corp., 831 F.2nd 395(2nd Cir. 1987). In Re: Pena, 155 F.3rd 1108 (9th Cir. 1998). The Brunner test has three elements:

TRIAL BRIEF — 3 —

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

> (1) That the Debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
>
> (2) That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans;
>
> (3) That the Debtor has made good faith efforts to repay the loans. <u>Brunner</u>, 832 F.2nd @ 396.

The Debtor will easily be able to show that she meets each of the three tests found in <u>Brunner</u>.

Under the best possible circumstances, full repayment of the loan would require that the Debtor make payments somewhere between $350.00 and $520.00 per month. Such payments would not even allow her to maintain her current spartan lifestyle, let alone a "minimal" standard of living.

The Debtor will testify that absent some extra-ordinary stroke of luck, she is earning as much as can reasonably be expected in her chosen profession.

The records of the student loan agencies will show that the Debtor has made serious efforts over the past years to repay the loan. However, those efforts were largely as a result of her ability to use credit cards for living expenses and the largess of her parents.

Thus, the major question faced by this Court will be whether or not the Court should fashion some sort of equitable resolution to partially discharge the student loan debt.

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

Various Courts have reached different answers to this question. There appears to be no controlling authority in this Circuit.

The Ninth Circuit BAP has clearly held that partial discharge of student loans is impermissible, discharge being an all or nothing proposition. In Re: Taylor, 223 BR 747(9th Cir. BAP 1998). In Taylor, the Panel relied on the plain language of §523(a)(8) which it held to be clear and unambiguous in prohibiting a partial discharge of student loans.

The Taylor decision has been modestly criticized in Graves v Myrvang, 232 F.3rd 1116(9th Cir. 2000).

The Graves Court agreed with the reasoning of the Sixth Circuit found in Tennessee Student Assistance Corp. v. Hornsby, 144 F.3rd 433(6th Cir. 1998). Since the Graves case was a 523(a)(15) decision, it is certainly not binding authority in this case. However, Graves can also be distinguished both on facts and law.

In Graves, the trial Court found that the Debtor did have the ability to repay a divorce obligation but discharged the amounts which could not be repaid within five years. The Court reasoned that it should apply the maximum time period under Chapter 13 to determine whether or not the debt could be repaid. Under those circumstances the Court ordered the Debtor to repay $102,000.00 of a $120,000.00 debt to his ex-wife over five years with the balance of the debt to be discharged. The Court thus concluded that the

TRIAL BRIEF — 5 —

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

<u>debtor</u> had the ability to repay the debt over a longer period of time but that it was constrained by the five year limitation of Chapter 13. The Court therefore determined that a partial discharge of the portion of the debt which could not be repaid within five years was appropriate.

In upholding the authority of the Bankruptcy Court to grant a partial discharge under 523(a)(15), the 9th Circuit cited with approval the following language found in <u>Hornsby</u>:

> Addressing the context of the student loan discharge under §523(a)(8), the Court reasoned that "where undue hardship does not exist, but where facts and circumstances require intervention in the financial burden on the Debtor, an all or nothing treatment thwarts the purpose of the Bankruptcy Act." In Re: <u>Hornsby</u>, 144 F.3rd @ 439, cited at 232 F.3rd 1123.

Inherent in the <u>Hornsby</u> rational is the requirement that the Court must first find that undue hardship does not exist before it can exercise equity in allowing a partial discharge. The <u>Myrvang</u> Court must have first found that repayment of the debt would not result in undue hardship. The holding in <u>Myrvang</u> should be limited to just those circumstances: If a portion of the loan can be repaid in a reasonable time without undue hardship, the Court may partially discharge the balance of the loan.

However, in this case, it is impossible for the Debtor to repay even a portion of the loan. Interest payments on $50,000.00 at 9% per annum alone would be $375.00 per month. Under the best of circumstances, the Debtor could not even make interest payments

TRIAL BRIEF     - 6 -

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX

on the loan and would never repay any portion of the loan principal. Any lower payment would result in a negative amortization of the loan leaving the Debtor making payments until she dies with no reduction in the loan amount. That being the case, the Court should discharge the entire balance of the student loans.

Dated this 25 day of January, 2002.

SNODGRASS & WARREN, INC., P.S.

By: _____
MARTIN E. SNODGRASS WSBA NO. 6961
ATTORNEY FOR DEBTOR

TRIAL BRIEF - 7 -

SNODGRASS & WARREN, INC., P.S.
3302 OAKES AVENUE
EVERETT, WA 98201
(425) 783-0797 EVERETT
(425) 745-9866 SEATTLE
(425) 783-0238 FAX